UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLEY WU,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>  Defendant. | Case No. 2:23-cv-00115-KJM-JDP (PS)<br><br>ORDER |

Plaintiff brings this action against the United States Department of Health and Human Services ("HHS"), alleging that the eviction moratorium enacted during the Covid pandemic prevented him from evicting a tenant who had failed to pay his rent. His complaint, however, fails to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13     The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20     **Analysis**

21     Plaintiff brings a claim against the Department of Health and Human Services, alleging
22 that the eviction moratorium enacted during the Covid pandemic prevented him from evicting a
23 tenant who had failed to pay his rent. *Id.* at 7. He purports to assert claims under the Federal Tort
24 Claims Act ("FTCA"); the Americans with Disabilities Act; Title II of the Civil Rights Act of
25 1964; 18 U.S.C. § 242; California's Ralph Civil Rights Act; and California's Unruh Civil Rights.
26 ECF No. 1 at 7-9.

27     Plaintiff's tort claim cannot proceed because he has failed to allege that he has complied
28 with the exhaustion requirements of the FTCA. *See McNeil v. United States*, 508 U.S. 106, 113

1 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted
2 their administrative remedies."). Additionally, it appears that plaintiff's claim may be categorized
3 as one for tortious interference with a rental contract, which other courts have held does not fall
4 within the ambit of the FTCA. *Wilson v. Obama*, 770 F. Supp. 2d 188, 192 (D.D.C. 2011) ("To
5 the extent the complaint alleges tortious interference with a rental contract, claims for tortious
6 interference with contract are explicitly excluded from the FTCA's waiver of sovereign
7 immunity.").

8      Plaintiff also fails to state claims under both Title II of the Civil Rights Act and Title II of
9 the ADA. Although he does allege that he is disabled and an immigrant from China, the
10 complaint contains no allegations reflecting that he was denied a public benefit or otherwise
11 discriminated against on account of his race or disability. *See* 42 U.S.C. § 2000a(a) ("All persons
12 shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges,
13 advantages, and accommodations of any place of public accommodation, as defined in this
14 section, without discrimination or segregation on the ground of race, color, religion, or national
15 origin."); 42 U.S.C. § 12132 ("[No qualified individual with a disability shall, by reason of such
16 disability, be excluded from participation in or be denied the benefits of the services, programs, or
17 activities of a public entity, or be subjected to discrimination by any such entity.").

18      For the same reason, plaintiff does not adequately allege a claim for violation of
19 California's Unruh Civil Rights Act. *See John Doe 1 v. United Airlines*, No. CV 20-05554-
20 RSWL-AGRx, 2021 WL 4595766, at *3 (C.D. Cal. Apr. 22, 2021) ("To state a claim for
21 discrimination under the Unruh Act, a plaintiff must allege: (1) that he was denied full and equal
22 accommodations, advantages, facilities, privileges, or services in a business establishment;
23 (2) that his protected characteristic was a motivating factor for this denial; (3) that defendant's
24 denial was the result of its intentional discrimination against plaintiff; and (4) that the defendant's
25 wrongful conduct caused him to suffer injury.").

26      Plaintiff also claims that eviction moratorium violated his rights under California's Ralph
27 Civil Rights Act. To state a Ralph's Act claim, plaintiff must allege that: (1) defendant
28 committed or threatened violent acts against plaintiff; (2) defendant was motivated by its

perception of plaintiff's political affiliation; (3) plaintiff was harmed; and (4) defendant's conduct was a substantial factor in causing plaintiff harm. *Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014). Plaintiff states that he "was attacked and stabbed and tortured." ECF No. 1 at 8. This vague statement is insufficient to state a Ralph's Act claim.

Finally, plaintiff cannot maintain his claim for violation of 28 U.S.C. § 242, which is a criminal statute that does not provide a private right of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).[1]

Accordingly, the complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] The complaint also references the Norris-LaGuardia Act and Occupational Safety and Health Act, which appear unconnected to plaintiff's allegations.

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   February 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE