UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLEY WU,

Plaintiff,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant.

Case No. 2:23-cv-0115-KJM-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Charley Wu ("plaintiff") brings this action against the Department of Health and Human Services and Robert Redfield and Rochelle Walensky, both former directors of the Center for Disease Control. ECF No. 4 at 1. He advances numerous legal theories, essentially claiming that the federal government violated his rights by instituting a moratorium on eviction during the Covid-19 pandemic. This moratorium allegedly saddled him for a time with a problematic tenant whom he could not evict. I find, for the reasons stated below, that plaintiff has failed to state a cognizable claim, and, having granted leave to amend once already, I now recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, beginning in September 2020, his tenant Michael Huizar refused to pay rent, and, owing to the federal government's eviction moratorium, plaintiff was powerless to compel Huizar to comply with their rental agreement. ECF No. 4 at 3-4. Plaintiff's suit is brought against the Department of Health and Human Services and two former directors of the Center for Disease Control for the official roles they played in guiding the pandemic response. As such, his claim is effectively levied against the federal government itself.

Plaintiff's first theory of liability runs through the Federal Torts Claim Act ("FTCA"). The FTCA provides a limited waiver of sovereign immunity for the negligent or wrongful acts of

government employees. *See Gonzalez v. United States*, 814 F.3d 1022, 1026 (9th Cir. 2016). Torts for interference with contract are not cognizable under the FTCA, however. *See* 28 U.S.C. 2680(h); *see also Wilson v. Obama*, 770 F. Supp. 2d 188, 192 (D.D.C. 2011) ("To the extent the complaint alleges tortious interference with a rental contract, claims for tortious interference with contract are explicitly excluded from the FTCA's waiver of sovereign immunity.").

Plaintiff also attempts to assert claims under the Ralph Civil Rights Act pursuant to California Civil Code § 51.7. This act, however, requires a showing that the defendant threatened or committed violent acts against the plaintiff based on perception of plaintiff's political affiliation. *Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014). Here, plaintiff fails to allege that defendants threatened or committed any violent act against him, and the broad moratorium did not target plaintiff because of his political affiliation. Thus, he cannot bring a claim under this act.

Next, plaintiff asserts that his claim should proceed under California's Unruh Civil Rights Act. However, this act requires a claimant to show that he was discriminated against because of a protected characteristic. *See John Doe 1 v. United Airlines*, No. CV 20-05554-RSWL-AGRx, 2021 WL 4595766, at *3 (C.D. Cal. Apr. 22, 2021) ("To state a claim for discrimination under the Unruh Act, a plaintiff must allege: (1) that he was denied full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) that his protected characteristic was a motivating factor for this denial; (3) that defendant's denial was the result of its intentional discrimination against plaintiff; and (4) that the defendant's wrongful conduct caused him to suffer injury."). There is no such allegation here and, again, based on the broad eviction moratorium at the heart of the suit, no such discrimination could be alleged.

Plaintiff also asserts that defendants' actions violated his rights under the Americans with Disabilities Act. He claims that he has a qualifying disability because he suffers from depression. ECF No. 4 at 15. But, again, to assert an ADA claim, plaintiff must allege that he was discriminated against because of that disability. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) ("Thus, under the ADA, an employee bears the ultimate burden of proving that he is (1) disabled under the Act, (2) a qualified individual with a disability, and

(3) discriminated against because of the disability."). There is no allegation that the moratorium at issue here was instituted because of plaintiff's depression. Similarly, plaintiff's reference to the Civil Rights Act of 1964 does not avail him because there is no allegation that the government discriminated against him because of his race, religion, sex, or national origin. *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.").

Plaintiff's last non-frivolous legal theory is that the government violated his rights under California property law. ECF No. 4 at 20. As stated above, however, the FTCA does not include claims for interference with contract, and this theory is merely an attempt to recast his FTCA claim in a different light. Moreover, the FTCA requires a showing that the claim arise from the "negligent or wrongful" act of a government employee. *See Rufo v. United States*, CV 18-2138 PSG (ASx), 2020 U.S. Dist. LEXIS 34771, *3-4 (C.D. Cal. Feb. 28, 2020). Here, the claim arises from a deliberate policy intended to ease the effects of an unprecedented pandemic.

Plaintiff raises other, more frivolous legal theories. He contends that the Norris-LaGuardia Act applies because his status as a landlord was "like an employment contract." ECF No. 4 at 18. However, "Norris-LaGuardia applies only to persons participating or interested in a labor dispute." *See Reuter v. Skipper*, 4 F.3d 716, 718 (9th Cir. 1993). The allegations at bar cannot, with a straight face, be characterized as pertaining to a labor dispute. Lastly, he contends that forcing him to endure Huizar's tenancy runs afoul of the prohibition on forced labor under 8 U.S.C. §§ 1581-1584. ECF No. 4 at 19. He goes so far as to compare his situation to conditions experienced at the Nazi Labor Camp at Auschwitz. *Id.* This legal theory does not merit serious consideration. *See United States v. Kozminski*, 487 U.S. 931, 948 (1988) ("Thus, the language and legislative history of § 1584 both indicate that its reach should be limited to cases involving the compulsion of services by the use or threatened use of physical or legal coercion.").

I have already given plaintiff leave to amend, and he is no closer to stating a cognizable claim based on these allegations. I therefore find that granting further leave to amend would be

futile. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is RECOMMENDED that:

1. Plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend for failure to state a cognizable claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 2, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE